UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HERIBERTO MERCADO, | : | |
|     Petitioner, | : | CIVIL CASE NO.: |
| | : | |
| v. | : | 3:15-cv-33 (VLB) |
| | : | |
| COMMISSIONER OF CORRECTIONS, | : | September 1, 2015 |
|     Respondent. | : | |

**MEMORANDUM OF DECISION DENYING RESPONDENT'S MOTION TO DISMISS**

Pursuant to 28 U.S.C. § 2254, Petitioner Heriberto Mercado challenges his 2006 judgment of conviction for, *inter alia*, sexual assault. Respondent moves to dismiss the petition as time barred. The salient issue, raised by the pro se petitioner, is whether the prison mailbox rule governs the filing of a state habeas petition for the purpose of calculating the one-year limitations period governing the filing of section 2254 petitions. The Court holds that it does. Accordingly, Respondent's motion is DENIED, and Respondent is directed to file an answer addressing the *merits* of Mercado's section 2254 petition within 30 days from the date of this order. *See* Rule 4(b) of the Rules Governing § 2254 Cases.

Procedural Background

Mercado was convicted, following a jury trial, of sexual assault in the first degree, sexual assault in the fourth degree, and illegal sexual contact with a child. *See State v. Mercado*, CR-05-0046922-T, http://civilinquiry.jud.ct.gov (last visited Aug. 25, 2015). On direct appeal, Mercado challenged the introduction of hearsay testimony, the introduction of evidence constituting constancy of

1

accusation evidence, and the jury charge with respect to an expert witness instruction. *State v. Heriberto M.*, 976 A.2d 804, 807–09 (Conn. App. 2009). The Connecticut Appellate Court affirmed, *id.*, and the Connecticut Supreme Court denied certification to appeal on October 14, 2009. *State v. Heriberto M.*, 981 A.2d 1080 (Conn. 2009). Mercado did not file a petition for writ of certiorari in the United States Supreme Court.

On March 31, 2010, Mercado, proceeding pro se, filed a state petition for writ of habeas corpus, raising several ineffective assistance of counsel claims. *Mercado v. Warden*, No. CV-10-4003473-S, http://civilinquiry.jud.ct.gov (last visited Aug. 25, 2015). Mercado signed and notarized his state habeas petition on January 14, 2010. *See attached*. The state court denied the petition. *Mercado v. Warden*, 2012 WL 4747257 (Conn. Super. Ct. Sept. 12, 2012). The Connecticut Appellate Court dismissed his appeal therefrom, *Mercado v. Commissioner of Correction*, 81 A.3d 277 (Conn. App. 2013), and the Connecticut Supreme Court denied certification to appeal on January 15, 2014. *Mercado v. Comm'r of Corr.*, 83 A.3d 1164 (Conn. 2014).

In a section 2254 petition dated December 18, 2014, Mercado now challenges his 2006 criminal judgment, raising four purported claims for relief. Dkt. No. 1. His petition appears to reiterate his claims that the trial court erred in admitting hearsay testimony, that the trial court gave an improper expert witness instruction, and that trial counsel provided constitutionally ineffective assistance. *Id.* On May 8, 2015, the Court ordered Respondent to show cause as to why the

petition should not be granted. Dkt. No. 7. Respondent moves to dismiss, arguing that the petition is time barred. Dkt. No. 9-1. Mercado opposes on the ground that "[w]hen filing the petitioner's state and federal habeas petitions, the 'mailbox rule' would be in effect." Dkt. No 11.

## Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one-year limitations period for filing Section 2254 petitions. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run on the latest of one of four possible dates: the date on which (1) the petitioner's criminal conviction became "final"; (2) the State's unconstitutional action preventing the petitioner from filing his petition was removed; (3) the constitutional right asserted was initially recognized by the Supreme Court; or (4) the petitioner could have discovered the factual predicate for his claim through the exercise of due diligence. *Id.* Here, the relevant provision is the date on which Mercado's conviction became final because his allegations do not reasonably invoke sections two through four.

A criminal conviction becomes final within the meaning of section 2244(d)(1)(A) "only after the denial of certiorari or the expiration of time for seeking certiorari." *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001). To be considered timely filed, a petition for a writ of certiorari to review a criminal judgment must be filed within 90 days after entry of judgment. S. Ct. Rule 13.1. Here, the Connecticut Supreme Court denied certification to appeal on October

3

14, 2009, and Mercado did not seek further review from the United States Supreme Court. Accordingly, Mercado's conviction became final within the meaning of AEDPA on Tuesday, January 12, 2010, and the limitations period began to run the following day, or on January 13, 2010.

It is well-established, and the parties do not disagree, that "[t]he limitations period is tolled during the pendency of a properly filed petition for collateral review in state courts." *Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002); *see also* 28 U.S.C. § 2244(d)(2). The problem, here, is that the parties disagree about the date on which Mercado's filed his state habeas petition. Respondent argues that "'an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filing." Dkt. No. 8 (quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)). Mercado argues that the prison mailbox rule governs state habeas petitions.

The Court agrees with Mercado. As an initial matter, AEDPA's limitations period is a federal question, and the tolling of that limitation period "asks whether federal courts may excuse a petitioner's failure to comply with *federal* timing rules, an inquiry that does not implicate a state court's interpretation of state law." *Holland v. Florida*, 560 U.S. 631, 650 (2010). Further, the prison mailbox rule is an equitable rule "justified by the litigant's dependence on the prison mail system and lack of counsel to assure timely filing with the court." *Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001) (citing *Houston v. Lack*, 487 U.S. 266, 270–71 (1988)). Extending this equitable rule for purposes of calculating AEDPA's filing deadline

4

makes sense here because habeas corpus is "an area of the law where equity finds a comfortable home." *Holland*, 560 U.S. at 647. Moreover, the prison mailbox rule alleviates concerns over inefficiently litigating excusable neglect, *see Houston*, 487 U.S. at 275—an issue that parties would nonetheless be forced to litigate (under the guide of extraordinary circumstances) in the absence of a per se prison mailbox rule. In other words, fairness mandates that state prisoners challenging their convictions not be punished for delays caused by the prison mail system and judicial economy mandates that courts not weigh in on the intricacies of that prolix system for the purpose of determining, on a case-by-case basis, how long is too long.

The Court's ruling is supported by persuasive authority from the Second Circuit and district courts in this Circuit. The Second Circuit, in an unpublished opinion, has applied the prison mailbox rule to New York state post-conviction motions. *Milbank v. Senkowski*, 2000 WL 1459030 (2d Cir. 2000) (summary order); *but see Catlett v. Greiner*, 76 F. App'x 345, 347 (2d Cir. 2003) ("Whether a federal court calculating a federal statute of limitations must defer to the New York Court of Appeals's interpretation of state filing law is a question we need not resolve . . . ."). Observing that *Milbank* does not constitute binding authority, the Southern District of New York readdressed the question and held that the prison mailbox rule applied to a petitioner's state post-conviction motion. *Fernandez v. Artuz*, 175 F.Supp.2d 682, 687 (S.D.N.Y. 2001). The *Fernandez* Court similarly reasoned, in relevant part, that a state court law is not binding on federal courts

for purposes of calculating AEDPA's limitations period and that efficiency is better served by applying the prison mailbox rule to state habeas petitions. *Id.* 686–87.

Applying the prison mailbox rule here, Mercado's state habeas petition was filed on January 14, 2010, or one day after the limitation period began to run. Mercado's state habeas petition remained under review in state court until January 15, 2014 when the Connecticut Supreme Court denied certification to appeal. Because Mercado filed his instant section 2254 petition less than eleven months later (well within the remaining 364 days), it is not barred by AEDPA's statute of limitations. Accordingly, Respondent's motion to dismiss is denied. Within 30 days from the date of this order, Respondent is directed to file an answer addressing the *merits* of Mercado's § 2254 petition. *See* Rule 4(b) of the Rules Governing § 2254 Cases. Respondent should not submit piecemeal responses.

## Conclusion

For the foregoing reasons, Respondent's motion to dismiss is DENIED. Within 30 days from the date of this order, Respondent must file an answer addressing the *merits* of Mercado's § 2254 petition.

IT IS SO ORDERED.

                                                           /s/
                                        Vanessa L. Bryant
                                        United States District Judge

Dated at Hartford, Connecticut: September 1, 2015

# PETITION FOR WRIT OF HABEAS CORPUS

**Notice** – Starting October 1, 2006, A petition that challenges a conviction, confinement or other deprivation of liberty that is a result of conviction of a crime, must be filed at the **Superior Court, 20 Park Street, P.O Box 980, Rockville, CT 06066**. File the original and two copies with the court clerk.

If the petition raises claims based on anything *other than* a criminal conviction (such as adjudications not guilty by reason of insanity or as a juvenile), the petition and two copies must be filed in the Judicial District where the petitioner is confined or held.

| | |
|---|---|
| Inmate No.: 178349 | FOR SUBMISSION TO SUPERIOR COURT AT: |
| Name of Inmate: Heriberto Mercado | Superior Court |
| vs. Warden Location (Cheshire) CCI | Address: 20 Park St PO Box 980 Rockville, CT 06066 |

1. Details of conviction(s) and sentence(s) now being served:

| | | |
|---|---|---|
| 1a. | Date of Arrest: | Sep-21-2005 |
| 1b. | Location of Court: | New Haven CT |
| 1c. | Sentencing Judge: | hon: Bruce Thompson |
| 1d. | Date(s) of sentencing: | June-13-2006 |
| 1e. | Sentence(s) (specify individual counts): | 53a-70(a)(2), 53a-73a(a), 53-21(a)(2). |
| | Concurrent or Consecutive: | |
| | Total effective sentence: | 17 years execution Suspended after 12 years - probation for 10 years. |
| 1f. | I ☐ Pleaded guilty. Date of plea: | |
| | (or) I ☑ was convicted by: a jury ☑ a judge ☐ | |
| 1g. | Total time in jail before sentencing: _____ (days) | |
| 1h. | My lawyer was: ☐ A Public Defender or Special Public Defender | |
| | ☑ Privately retained (paid to represent you): | |
| | Name(s) of your lawyer(s): Richard Silverstein 50 Elm St N.H. | |

2. Did you apply for sentence review? ☐ Yes ☑ No

| If yes, what result?: |
|---|
| |

2010 MAR 31 P 12:37  STATE OF CONNECTICUT SUPERIOR COURT G.A. 19

3. Did you appeal your conviction?  ☒ Yes  ☐ No

| | |
|---|---|
| 3a. | What issues did you appeal?: Medical treatment Exception to Hearsay Rule... Constancy of Accusation Testimony,... and Constancy of Accusation Witnesses were improperly Permitted to testify in Violation of Appellants Right to a fair Trial. |
| 3b. | Did you appeal the issue you claim in this petition and, if not, why?: Yes |
| 3c. | Result of your appeal: Denied |
| 3d. | The lawyer for my appeal was:  ☒ A Public Defender or Special Public Defender  ☐ Privately retained (paid to represent you)  Name of Appellate Attorney: Aaron J. Romano |

4. Have you filed any other habeas corpus petitions? ☐ Yes ☒ No

| | |
|---|---|
| 4a. | In what court?: |
| 4b. | List the docket or case numbers: |
| 4c. | Have you raised the issue in this petition in any of the old petitions?: |
| 4d. | If not, why not?: |

## NOTICE

It is not enough to make general allegations using constitutional terms such as "due process" or "cruel and unusual punishment", in fact these terms need not be used at all. You must state your claim clearly, simply and directly in language you can understand. It is not necessary to cite cases. Failure to back up your claim with understandable factual allegations could mean that a judge will deny your petition before you ever get to court. In other words, what you state here must show the judge that you really have a problem. Also, since this petition must be sworn to under oath, any false statement in it could result in a conviction for false statement (C.G.S. 53a-157).

This form is intended to assist you in giving enough information to the court or your attorney. You may prepare your own petition if you wish, but you must be as detailed about your claim as is this form or your petition could be returned to you.

I have read the above notice  _____
                              Signature of Petitioner

2

**5. This petition claims that my conviction is illegal because:**

| | |
|---|---|
| 5a. | Guilty plea not voluntary: |
| 5b. | Plea bargain with prosecutor not followed by Judge: |
| 5c. | My sentence is not being calculated according to my understanding when I pleaded guilty: |
| 5d. | Sentencing illegal: |
| 5e. | Trial irregularity: |
| 5f. | My attorney did not represent me properly: |
| 5g. | Illegal arrest, search, or advice of rights: |
| 5h. | Mental state at plea or trial was: |
| 5i. | Other (specify): _Ineffective Assistance of Trial Counsel_ |

5j. State all facts and details to support your claim (use additional pages if necessary):

| |
|---|
| Please See Attached. |

**6. This petition claims that my incarceration/sentence is illegal because:**

| | |
|---|---|
| 6a. | Department of Correction has not correctly credited my pre-sentence incarceration. Total days credited is _____ days; I think the total should be _____ days. |
| 6b. | Department of Correction has not correctly credited my statutory good time. Total days credited is _____ days; I think the total should be _____ days. |
| 6c. | I have been given a parole eligibility date that is illegal because: |
| 6d. | Other (be specific): |
| 6e. | State all facts and details regarding your claim: |

3

Do not answer question 7 on the same petition with any claim under question 5 and/or question 6. Please use a separate petition to raise any claim under Question 7. Answering Question 7 on the same petition with any other claim may result in its being returned to you and/or substantial delay.

**7. This petition claims that my incarceration/sentence is illegal because:**

| | |
|---|---|
| 7a. | Prison hearing on: discipline ___ ; parole ___ ; other (specify) ___ being denied or is improper because: |
| 7b. | The conditions here are inhumane or dangerous to me because: |
| 7c. | The medical ___ ; drug/ alcohol ___ ; dental ___ ; mental health treatment program ___ here is: |
| 7d. | A corrections officer ___ ; inmate ___ ; other person (specify) _____, named _____ has done the following: |
| 7e. | Other (be specific or use this space to complete above answers if needed): |
| 7f. | State all facts and details regarding your claim: |

**I am asking the court to:**

| | | |
|---|---|---|
| 1. | ☐ | Let me withdraw my guilty plea |
| 2. | ☑ | Order new trial or release me on the bases of court error and lack of evidence |
| 3. | ☐ | Correct the institutional condition complained of |
| 4. | ☐ | Correct my sentence ___ ; sentence calculation ___ by: _____ |
| 5. | | Other (specify): |

4

## REQUEST FOR APPOINTMENT OF COUNSEL

(Counsel will not be appointed for claims under question 7)

I do ☑   (do not ☐)   want an attorney to represent me in this claim.

__1-14__
Date signed

_____
Signature of Petitioner

State of Connecticut, County of __New Haven__, being duly sworn, states that the above information is true to the best of his or her knowledge.

__Jan 14, 2010__
Date Notarized

_C. Hickman_____
Notary Public Notary Commission Stamp
C. Hickman
Commission Expires 10/31/2011

STATE OF CONNECTICUT
SUPERIOR COURT
G.A. 19
2010 MAR 31 P 12: 30

## APPLICATION FOR WAIVER OF FEES

I, __Heriberto Mercado__, the petitioner herein, am without funds and am unable to pay court fees and costs or to engage an attorney. I have $ __000__ in my prison account and total assets valued at $ __000__ I ask the court to waive fees and cost having to do with this petition.

_____
Signature of Petitioner

State of Connecticut, County of __New Haven__, being duly sworn, states that the above information is true to the best of his or her knowledge.

__Jan 14, 2010__
Date Notarized

_C. Hickman_____
Notary Public Notary Commission Stamp
C. Hickman
Commission Expires 10/31/2011

5

Heriberto Mercado # 178349
C.C.I. S1-142
900 Highland Ave.
Cheshre, Ct. 06410

January 7, 2010

To: Habeas Corpus Unit

    My name is Heriberto Mercado and in preparing this letter I have asked God to stand by me and help me express all the wrong that has been done to me on my quest for justice because of the injustice I have encountered.
    I claim that I was denied proper representation by my trial attorney Richard Silvestein required by my constitutional rights. I say this with an explanation, justification and proof that all I am saying on this Habeas is the truth and now that my trial has taken place and with my transcripts available to adduce the errors committed.
    Enclosed is a copy of the issues that were argued at my appeal.

Attached are the issues that need to be addressed:


MAR 3 0 2010


HABEAS CORPUS UNIT

*Page (2)*

1. I claim that trial attorney Richard Silvestein failed to conduct a prompt investigation of the circumstances of the case and explore all avenues leading to facts relevant to the merits of the case.
2. I claim that trial attorney Richard Silvestein made no effort at all to examine the records or even interview the professionals whom were involved in the case.
3. I claim that trial attorney Richard Silvestein also failed to interview the officer who were involved and who participated in my pretrial identification.
4. I claim that trial attorney Richard Silvestein failed to impeach the state's witnesses and point out the inconsistencies in the testimonies between them.
5. I claim that appellate attorney Richard Silvestein failed to meet with me and determine the claims that should have been raised.
6. I claim in this context, there is a reasonable probability that, but for attorney Richard Silvestein unprofessional errors, the result of the proceeding would have been different.

Respectfully Submitted,

Heriberto Mercado # 178349